GEORGE W. DORN *et al.*, RESPONDENTS, *v.* WILLIAM T. O'NEALE, APPELLANT.

PROCEEDINGS AGAINST JOINT DEBTORS WHERE ONE BANKRUPT. In a suit against joint debtors, where one set up his co-defendant's adjudication in bankruptcy and, during a stay of proceedings until final adjudication, admitted the allegations of the complaint; and where after final adjudication plaintiff amended, set up the discharge in bankruptcy, dismissed as to the bankrupt, and on default of the other defendant, took judgment against him: *Held*, that although the proceedings in allowing the amendment were unnecessary and somewhat irregular, there was no injury to defendant and no error in the judgment.

ADMISSION OF ADVERSE ALLEGATIONS — RIGHTS OF PARTIES NOT ADMITTING. A party to the record may admit any adverse allegation and thus dispense with proof of it; though if the admission be not of a conceded fact, any other party, other than the one originally making the allegation, may make proof in opposition.

BANKRUPT PLEADING DISCHARGE PRESUMED TO INSIST ON DISCHARGE. Where in a suit against joint debtors one pleaded his discharge in bankruptcy subsequent to the commencement of the suit; and plaintiff thereupon amended his complaint, set up such discharge, dismissed as to the bankrupt, and on default of the other defendant took judgment against him; and it was objected on appeal that plaintiff had no right to assume that the bankrupt would insist on his discharge: *Held*, that plaintiff had the right to so assume and to waive proof of the fact of discharge by his amendment, and that it was no error under the circumstances to take a separate instead of a joint judgment.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

This was an action by George W. Dorn, M. M. English, and Joseph Demont, partners under the firm name and style of Dorn, English & Co., and G. W. Dorn & Co. against John D. Winters and William T. O'Neale, partners under the firm name and style of Winters & O'Neale, and of the Independence Mill Company, on a certain book account and various bills of exchange, amounting in all to two thousand eight hundred and one dollars and twenty-five cents, and interest. Judgment was entered February 10th, 1870, against O'Neale for the sum of three thousand three hundred and eighty-two dollars and fifty cents, principal and interest, and costs. O'Neale appealed.

*Mesick & Seeley*, for Appellant.

I.   Plaintiffs were entitled to judgment against both defendants

unless Winters appeared to prosecute his defense.  When the case was called for trial, plaintiffs asked leave to amend their complaint by setting up Winters' discharge, and praying judgment as against O'Neale alone.  To this both defendants objected, because the proceeding and discharge in bankruptcy was a defense personal to Winters, and which he might or might not avail himself of.  But the Court overruled the objection and allowed the amendment.  The question now arises, was it competent for the plaintiffs of their own motion, and against the joint objection of both defendants, to discontinue their action as against Winters and proceed against O'Neale, when there was no issue in the case requiring proof on the part of plaintiffs ?

Where the defense of a discharge in bankruptcy arises during the pendency of an action, and the bankrupt plead it and insist on the defense, the plaintiff may enter a *nolle prosequi* as to him and proceed as to the other defendant ; but if instead of insisting on his defense he waive or withdraw his plea, or abandon the defense, (and surely Winters' objection to the amendment of the complaint must be deemed a waiver of his plea and an abandonment of his defense) his co-defendant and co-debtor has as much right to insist that the plaintiff should retain the bankrupt as a defendant in the action, as that he should be made a defendant originally.

O'Neale has been injured by this action of plaintiffs in procuring a dismissal as against Winters, for had judgment been entered against both, Winters' property acquired since he went into bankruptcy, and any which he may hereafter acquire, would be subject to the payment of this partnership debt ; or, if O'Neale alone should pay it, he could compel Winters to make contribution ; but not so now.  ( *Tinkum* v. *O'Neale*, 5 Nev. 93.)

*W. M. Seawell*, for Respondents.

The defendant Winters had before the allowance of the amendment filed his answer, setting up his final discharge in bankruptcy in bar of the plaintiffs' right to recover against him, and he therefore cannot complain that plaintiffs admitted his defense to be true, and amended their complaint to conform to his answer in this respect ; nor could the defendant O'Neale object to the allowance

of such amendment, for his co-defendant Winters, by filing his answer, had made such discharge pertinent to the issue.

The amendment to the complaint having been made, defendants by declining to answer consented that the trial of the action should proceed without making or filing any answer thereto; and it being shown both by the pleadings and the evidence, that the defendant Winters had received his final discharge, judgment was properly rendered against the defendant O'Neale, and judgment of discontinuance against the defendant Winters. (*Tinkum* v. *O'Neale*, 5 Nev. 93.)

By the Court, WHITMAN, J.:

Respondents originally brought their action against Winters and O'Neale, as partners, upon a number of joint obligations: O'Neale answered, denying the partnership, and setting up the fact that his co-defendant had been adjudged a bankrupt, under the Statute of the United States, and praying a stay of proceedings until final adjudication thereunder. Proceedings were stayed until the final discharge of Winters, when he came in and pleaded such discharge in bar of the suit. During this interim, O'Neale had agreed upon certain facts with plaintiffs, which admitted the allegations of the complaint.

So the case stood for trial, with O'Neale's admission and Winters' answer, when plaintiffs asked and obtained leave, against the objection of both defendants, to file an amendment to their complaint, in which the discharge of Winters was set up, a judgment prayed against O'Neale, and a dismissal as to Winters. To the amendment both defendants declined to answer. The plaintiffs offered proof of the discharge, and took judgment as asked.

To this O'Neale objects and appeals, taking the ground that the allowance to the amendment, and proof thereunder, was error, and injurious error to him; because the judgment should have been joint, unless Winters had insisted upon his discharge in defense. His position is substantially, that plaintiffs had nothing to do but take judgment against both defendants under the pleadings and admissions; unless Winters insisted upon, and made proof of, his discharge.

There is a certain plausibility about the proposition at first view, but it is more apparent than real. True, as O'Neale asserts, plaintiffs could have pursued the course suggested : true again, the course pursued by them was unnecessary, and somewhat irregular ; but that does not necessarily make it error against him. That he has rights is true ; so have the plaintiffs, and they may pursue any mode not legally injurious to him, to obtain them.

It is admitted in the brief of appellants' counsel, and is undoubtedly a correct proposition, that had Winters been discharged in bankruptcy before suit brought, plaintiffs need not have joined him as defendant. And had the objection of nonjoinder been made, it could have been defeated by proof of the fact of the discharge. Ths result obtained is practically the same. The fact of discharge arose after suit brought, but was still an existent fact before the trial ; the plaintiffs pleaded it, as it in reality existed ; and for the same purpose and to the same effect as they would have introduced proof in answer to a plea of nonjoinder as suggested. As has been said, this might have been unnecessary, but yet was no injury, being merely an irregular method of obtaining a legal right.

Again ; it may be laid down as a general proposition, that a party to the record may admit any adverse allegation, and thus dispense with proof. The appellant would limit the proposition, by confining the effect of the admission to the party making the allegation ; but it is not always possible so to limit the result. Of course, if the admission be not of a conceded fact, any person other than the party originally making the allegation admitted could make proof in opposition ; but not otherwise, no matter what the effect of the admission. So in this case, the answer of Winters stood of record, and the amendment of plaintiffs was practically but an admission of its allegations. They had the right to make such admission, and if the admission was true, as in this case it was, its natural effect must follow against all parties to the record.

But, say counsel for appellant, it does not appear that Winters would have insisted upon his defense pleaded ; and unless he did, judgment should have been joint, and plaintiff had no right to assume that he would so insist. In the last proposition is the error

of appellant's argument. Plaintiffs had exactly that right. There was the answer of Winters on file. Then arose the right of plaintiffs to insist upon proof of its allegations, or to waive the same. They chose to waive and admit, in a somewhat cumbrous manner to be sure, but still with the same practical result, and with the same legal effect upon his co-defendant.

It follows then that the District Court did not err. Wherefore its judgment is affirmed.